IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| JEREMY RASKIEWICZ, | ) | Cause No. CV 10-86-M-DWM-JCL |
|       Petitioner, | ) ) ) | |
| vs. | ) ) | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| UNITED STATES, | ) ) | |
|       Respondent. | ) ) | |

On August 12, 2010, Petitioner Jeremy Raskiewicz submitted a one-page document containing a paragraph titled "Brief in Support of Petition" and a few lines titled "Petition."

As is his custom, Raskiewicz did not file a motion to proceed in forma pauperis or pay the filing fee of $5.00 per habeas action. He also failed to name a correct Respondent. However, there is no need to delay resolution of this case on those grounds.

Raskiewicz is serving a sentence at Montana State Prison because he was convicted of assault with a weapon in 2005. He has filed seven actions in this Court

1

since June 2, 2008, including a habeas action challenging his conviction, Raskiewicz v. Mahoney, No. CV 08-160-M-DWM-JCL (D. Mont. filed Nov. 14, 2008) ("Raskiewicz I"), and a habeas action dismissed as an unauthorized second or successive petition, Raskiewicz v. United States, No. CV 10-63-M-DWM-JCL (D. Mont. filed June 2, 2010) ("Raskiewicz II"). Raskiewicz I was dismissed with prejudice as procedurally defaulted without excuse on December 10, 2008. Raskiewicz did not appeal.

The instant petition springs from two premises. Raskiewicz avers, first, that Article 11(2) of the Universal Declaration of Human Rights prohibits finding anyone guilty of an act or omission that was not defined as an offense under national or international law when it was committed. Second, he contends that assault with a weapon is not an offense under national or international law. Therefore, he concludes, he is unlawfully imprisoned. Pet. (doc. 1) at 1.

Like his claim in Raskiewicz II, the instant claim could have been but was not raised in Raskiewicz I. Therefore, the instant petition is an unauthorized second or successive petition. This Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam).

There is no reason to believe Raskiewicz might meet the stringent standards of 28 U.S.C. § 2244(b)(2)(A). Montana law is part of the national law of the United

2

States because Montana is part of the United States. And Montana law has specifically defined assault with a weapon as a criminal offense since at least 1999. Mont. Code Ann. § 45-5-213 (2009); 1999 Mont. Laws ch. 432 § 7 (Apr. 23, 1999). Raskiewicz committed the offense on March 23, 2005. See CONWeb, http://app.mt.gov/conweb (Aug. 12, 2010). Transfer is not in the interest of justice. 28 U.S.C. § 1631. Dismissal is appropriate.

A certificate of appealability should be denied. Raskiewicz does not claim he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2). There is no merit in the claim. There is no doubt about the correctness of the procedural ruling. Burton, 549 U.S. at 149; Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED for lack of jurisdiction as an unauthorized second or successive petition.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED. The Clerk of Court should

be directed to process the appeal if Raskiewicz files a notice of appeal.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Raskiewicz must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this <u>12th</u> day of August, 2010.

                                            /s/ Jeremiah C. Lynch
                                            Jeremiah C. Lynch
                                            United States Magistrate Judge