FILED

SEP 0 7 2010

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| JEREMY RASKIEWICZ, | ) | CV 10-86-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Jeremy Raskiewicz filed this action, which was construed as a petition for a writ of habeas corpus. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation on August 12, 2010 and recommended dismissing Raskiewicz's petition. Petitioner timely objected on July 21, 2010. Therefore, Petitioner is entitled to de novo review of those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

1

Raskiewicz has filed seven actions in this Court in the past two years, including two prior habeas petitions regarding his 2005 conviction for assault under Montana state law. Judge Lynch found that because this Petition also relates to the 2005 conviction and the claims raised here could have been raised in his first petition, this action must be dismissed for lack of jurisdiction as an unauthorized second or successive petition. 28 U.S.C. § 2244(b); Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam). Raskiewicz objects, arguing that he has a First Amendment right to bring the petition and reasserting the merits of his Petition. He is incorrect. I agree with Judge Lynch that the Court has no jurisdiction over this Petition because it is an unauthorized successive petition.

I find no clear error in Judge Lynch's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #2) are adopted in full. The Petition (dkt # 1) is DISMISSED for lack of jurisdiction as an unauthorized second or successive petition.

The Clerk of Court is directed to enter by separate document a judgment in favor of Respondent and against Petitioner.

A certificate of appealability is DENIED. The Clerk of Court is directed to

2

process the appeal if Raskiewicz files a notice of appeal.

Dated this 7th day of September, 2010.

Donald W. Molloy, District Judge
United States District Court